IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TERRENCE SMITH** | * |
| **Petitioner** | * |
| | * |
| v. | *   Crim. Case No.: SAG-05-0061 |
| | *   Civil Case No.: SAG-14-1963 |
| **UNITED STATES OF AMERICA** | * |
| | * |
| **Respondents** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Court has previously addressed a motion Defendant Terrence Smith filed seeking to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, which this Court denied. ECF 362, 420, 421. Presently pending is a second motion Smith filed to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, which he presently pursues in a self-represented capacity. ECF 456. This Court has carefully reviewed the motion, ECF 456, his supplemental filings, ECF 493, 496, 521, 545, 582, 617, the Government's opposition, ECF 630, and Smith's reply, ECF 642.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Smith's motion will be denied.

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner shows "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." Similar to Smith's earlier

---

[1] To the extent that some of these supplemental filings are filed as "motions," they will be denied although their contents have been considered in full.

motion to vacate his sentence, which turned on an evaluation of the federal witness tampering statute, the instant motion presents a pure legal issue regarding his charges of conviction.

In December, 2005, a jury convicted Smith of six charges related to witness tampering and firebombing the home of a witness in an attempt to kill her. ECF 188. United States District Judge J. Frederick Motz imposed a total sentence of 960 months of incarceration for Smith, to be followed by a period of five (5) years of supervised release. *Id.* Specifically, relevant to this motion, Smith received concurrent sentences totaling 240 months for Counts One (conspiracy to commit witness tampering), Two (witness tampering by attempted murder), Three (witness tampering by physical force or threat of physical force), and Six. Count Four (use of a firearm in the furtherance of a crime of violence) imposes a term of 600 months to run consecutive to Counts One, Two, Three, and Six, and Count Five (using a firearm or explosive to commit a felony) imposes a 120 month term to run consecutive to all other counts. *Id.*

On July 11, 2016, the Office of the Federal Public Defender filed the instant motion on behalf of Smith, arguing that the "new rule of constitutional law" established in *Johnson v. United States*, 576 U.S. 591 (2015) applied retroactively to his case and invalidated his conviction for Count Four (the conviction under 18 U.S.C. § 924(c) that added 50 years (600 months) consecutive time to his sentence). ECF 188 at 2; *see also* supplemental filings at ECF 545-1 at 3, ECF 493 at 3. Adjudication of Smith's motion was held in abeyance pending the resolution of *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), *aff'd*, 142 S. Ct. 2015 (2022). ECF 546. Finally, on August 2, 2022, the Federal Public Defender withdrew from Smith's case once the ensuing court decisions failed to support Smith's argument. ECF 606, 607. Smith elected instead to proceed with his motion as a self-represented litigant.

The § 2255 motion alleged that Smith's conviction for Count Four is invalid because his predicate convictions in Counts One, Two, and Three no longer constitute crimes of violence. ECF 493. Count Four charged use of a "firearm" (in this case the Molotov cocktails that were thrown at a witness's home) to commit a crime of violence in violation of 18 U.S.C. § 924(c). ECF 543-3 at 6. Under § 924(c)(3), a crime of violence is an offense that is a felony and:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Those two distinct provisions of § 924(c) are known as the "force clause" (subsection A) and the "residual clause" (subsection B). *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

In *Johnson*, the Supreme Court considered the definition of "crime of violence" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ultimately deeming certain language unconstitutionally vague. *See Johnson*, 576 U.S. at 606. And in the subsequent case of *United States v. Davis*, 588 U.S. __; 139 S. Ct. 2319, 2324 (2019), the Court extended those principles to hold the "residual clause" of § 924(c) unconstitutionally vague. As a result of those rulings, the Government has conceded that one of the predicate counts for which Smith was convicted, conspiracy to commit witness tampering in violation of 18 U.S.C. § 371, no longer qualifies as a crime of violence and cannot be the basis for his § 924(c) conviction. ECF 630 at 8.

However, the "force clause" of § 924(c) remains in effect following those 2019 decisions. *See United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) (considering application of the force clause after *Johnson* and *Davis*). And Smith was also convicted of two other crimes of violence: witness tampering by attempted murder, as charged in Count Two, and witness tampering by physical force or threat of physical force, as charged in Count Three. To consider the application

3

of the force clause to those statutes, this Court must apply the "categorical approach," which looks to "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (citations omitted). The definition of the crime governs, not the facts in a particular case. *See id.*

Smith's charge in Count Two, witness tampering by killing or attempting to kill, is governed by a statute that states:

> Whoever kills or attempts to kill another person, with intent to –
>
> (A) prevent the attendance or testimony of any person in an official proceeding;
> (B) prevent the production of a record, document, or other object, in an official proceeding; or
> (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
>
> shall be punished as provided in paragraph (3).

18 U.S.C. § 1512(a)(1). Count Three charges Smith with witness tampering by use of force or threat of force, and the governing statute provides:

> Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to –
>
> (A) influence, delay, or prevent the testimony of any person in an official proceeding;
> (B) cause or induce any person to –
>   (i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>   (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
>   (iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>   (iv) be absent from an official proceeding to which that person has been summoned by legal process; or

    (C)    hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

18 U.S.C. § 1512(a)(2).

Recently, the Fourth Circuit confirmed that witness tampering by murder remains a crime of violence under the "force clause" of § 924(c). In *Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit reasoned:

> Because federal witness tampering by murder also requires the unlawful killing of another, which may be accomplished by force exerted either directly or indirectly, we find no merit in the capital defendants' challenge to their federal witness tampering convictions under 18 U.S.C. § 1512(a)(1)(C). Accordingly, we affirm the Section 924(c) convictions predicated on the capital defendants' convictions for federal witness tampering by murder, in violation of Section 1512(a)(1)(C).

*Id.* at 265 (footnote omitted). Of course, as Smith notes in his reply, Smith's case involved witness tampering by attempted murder, not actual murder, as in *Mathis*. Smith argues that the U.S. Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), concluded that *attempted* crimes (even attempted crimes of violence) cannot themselves constitute crimes of violence. ECF 642 at 7–11.

In *Taylor*, the Supreme Court held that although the substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, an *attempt* to commit a Hobbs Act robbery does not constitute a crime of violence because "no *element* of attempted Hobbs Act robbery requires the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force." *Taylor*, 142 S. Ct. at 2022. This line of reasoning, however, does not apply in Smith's case. As the Supreme Court instructed, "Congress tasked the courts with a much more straightforward job: Look at the elements of the underlying

crime and ask whether they require the government to prove the use, attempted use, or threatened use of force." *Id.* at 2025. For Count Three, the government had to prove precisely these elements. The First Superseding Indictment charged that Smith "did knowingly and unlawfully use physical force and the threat of physical force, and attempted to do so, against a person, with the intent to hinder, delay, and prevent the communication" about a Federal offense. ECF 543-3 at 5. The language of that statute, § 1512(a)(2)(C), tracks exactly the language in the force clause, which requires the "use, attempted use, or threatened use of physical force against a person." 18 U.S.C. § 924(c)(3)(A). Thus, unlike the attempted Hobbs Act robbery in *Taylor*, to secure a conviction for Count Three, the underlying statute invariably requires a showing that Smith used, attempted to use, or threatened the use of physical force. *See* 18 U.S.C. § 1512(a)(2)(C). Therefore, Count Three qualifies as a predicate crime of violence for Count Four under the force clause.

Although this Court could stop the analysis here, it believes that Count Two would similarly qualify as a predicate crime of violence under *Taylor*. Robbery can be effected without the use of force.  Murder cannot.  Thus, unlike the elements for attempted Hobbs Act robbery, the elements of Count Two in Smith's case require the use or attempted use of physical force inherent in the killing of another. Thus, because attempted use of physical force constitutes a crime of violence under § 924(c), an attempted killing under 18 U.S.C. § 1512(a)(1) is also a crime of violence. *See United States v. Báez-Martínez*, 950 F.3d 119, 132 (1st Cir. 2020) ("because death is the ultimate injury, murder requires violent force, and if murder requires violent force because death results, then attempted murder does, too, because the defendant attempted to reach that result.") (internal quotations omitted); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1347 (11th Cir. 2022) ("Because convictions for attempted murder under Georgia and federal law require proof of a substantial step plus intent to use force, those attempt crimes are crimes of

6

violence under the elements clause."); *United States v. Martin*, No. 22-5278, 2023 WL 2755656, at *7 (6th Cir. Apr. 3, 2023) ("A completed Hobbs Act robbery does not require the use or attempted use of force; it can be committed by threat of force alone … But murder does require the use of force, and because the completed crime of murder has as an element the use of force, the attempt to commit murder has as an element the attempted use of force.") (internal quotations omitted).

Smith also suggests that there would be ways, such as a case involving involuntary manslaughter, to violate § 1512(a)(1) with reckless, non-intentional conduct. *See* ECF 545-1 at 11–12 (arguing that §1512(a)(1) "expressly adopts the definition of 'killing' set forth in 18 U.S.C. §§ 1111 and 1112, which include the commission of involuntary manslaughter. Therefore, the most innocent conduct that can satisfy § 1512(a)(1) is involuntary manslaughter or attempted involuntary manslaughter in violation of 18 U.S.C. § 1112 [. . . which] is not a 'crime of violence' under the § 924(c)(3)(A) force clause because it can be committed with gross negligence."). Even if those definitions were adopted, this Court would turn to the modified categorical approach to determine the elements of the crime of which Smith was convicted. *See Mathis*, 953 F.3d at 264 (noting that modified categorical approach applies "[i]n a 'narrow range of cases,' involving statutes that are comprised of 'multiple, alternative versions of the crime'") (quoting *Descamps v. United States*, 570 U.S. 254, 261–62 (2013)). Considering a "divisible" statute, this Court reviews "certain underlying documents, including the indictment, to determine what crime, with what elements, formed the basis of a defendant's conviction." *Mathis*, 932 F.3d at 264 (internal citations omitted). In fact, the Fourth Circuit determined, in *Mathis*, that the witness tampering statute is divisible "[b]ecause this offense can be committed in various ways." *Id.* at 265 n.21. But in *Mathis*, the Fourth Circuit noted "we need not apply the modified categorical approach here, because the

parties agree and the record establishes that the capital defendants were convicted of witness tampering by means of murder under Section 1512(a)(1)(C)." *Id.* (citing *United States v. Carthorne*, 726 F.3d 503, 512 (4th Cir. 2013). Similarly, in this case, the record establishes beyond dispute that Smith was charged with, and convicted of, intentionally attempting to kill a person with the intent to prevent that witness from contacting law enforcement. ECF 630-1 at 3 (jury instruction that "the first element the government must prove beyond a reasonable doubt is that the defendant attempted to kill another person."); *see also* ECF 642 at 15–16.[2] Smith was charged and convicted of attempted murder, not manslaughter. His Count Two conviction, therefore, still constitutes a crime of violence under the modified categorical approach.

Next, Smith argues that his conviction for Count Four did not specify which of the three possible predicate convictions (Counts One, Two, or Three) the jury relied upon to find him guilty. ECF 545-1 at 9. Thus, Smith claims there is no way to tell whether the jury relied on the now-invalid predicate offense in Count One instead of the offenses in Counts Two or Three. Smith's argument is squarely foreclosed by *United States v. Said*, 26 F.4th 653 (4th Cir. 2022). *Id.* In that case, the Fourth Circuit determined that at as long as the jury's verdict encompassed at least one valid predicate offense, any ambiguity about which predicate the jury relied upon would not invalidate the § 924(c) conviction. While the Court believed that the failure to ask the jury to identify a unanimous predicate constituted error, it held the error to be harmless in light of "evidence of overwhelming weight" that a valid predicate offense was committed. *Id.* at 663.

---

[2] In Smith's reply, he challenges the jury instructions for Counts Two and Three because he argues they did not include a state of mind requirement. *See* ECF 642 at 15. However, during the jury instructions, the judge specifically included a state of mind requirement for both Counts Two and Three. *See* ECF 545-2 at 151–53. Smith cites to a portion of 18 U.S.C. § 1512(g) which states "no state of mind need be proven," but that provision refers to the fact that the government need not prove that the defendant knew there was a federal investigation when engaging in witness tampering. It does not suggest that the crime can be committed recklessly.

Specifically, the Court reasoned that "even under the plain-error standard, 'the defendant bears the burden of showing "that the erroneous instruction given resulted in his conviction, *not merely that it was impossible to tell under which prong the jury convicted*."'" *Id.* at 661 (quoting *United States v. Ali*, 991 F.3d 561, 575 (4th Cir. 2021) (internal quotation omitted)) (emphasis in original). In other words, the defendant "'must show not only that he *could* have been convicted under the erroneous . . . instruction, but also that he was *not* convicted under the' proper instruction." *Id.* (quoting *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010) (emphasis in original)).

      Like in *Said*, the jury in Smith's case found him guilty not only of the use of a firearm to commit crimes of violence, but of several substantive offenses all involving his use of the firearms (Molotov cocktails) to firebomb the witness's home. Smith, like Said, "has pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates when it convicted him of the § 924" charge in Count Four. *Said*, 26 F.4th at 664. The notion that "even a single juror relied solely on the conspiracy charge[], rather than the other violent crimes *of which the jury unanimously*" convicted Smith, "simply strains credulity." *Id.* at 665 (emphasis in original). Because Smith cannot establish that any juror relied solely on the conspiracy charge in light of his unanimous conviction for the other substantive offenses, *Said* precludes the relief he requests.

      Finally, Smith argues that his status as a career offender improperly influenced his sentence. ECF 582 at 4, ECF 642 at 19. However, as the Fourth Circuit noted on appeal, "the district court determined that Smith was a career offender … but that determination did not affect his offense level or his Criminal History Category." *United States v. Harris*, 498 F.3d 278 n.12 (4th Cir. 2007) (internal citations omitted). Therefore, because Smith's career offender status did not impact the sentence imposed, this Court finds no reason to revisit the issue.

CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Smith has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.

A separate Order denying Smith's motion, ECF 456, follows.

Dated: June 29, 2023

                                                                                     /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge